UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| A.J. CALIFORNIA MINI BUS, INC. D/B/A AIRPORT EXPRESS,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT COMMISSION OF THE CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No.15-cv-03218-LB<br><br>**ORDER DENYING STAY**<br><br>[Re: ECF No. 38] |

This case involves how rights and resources are allocated to shared-ride van services at the San Francisco International Airport (SFO). Plaintiff A.J. California Mini Bus, Inc. operates such a service under the trade name Airport Express. Airport Express claims (in sum) that the defendants — the San Francisco Airport Commission and John L. Martin, the Airport Director — unfairly favor its competitors. It contends that this favoritism violates the Fourteenth Amendment to the U.S. Constitution. (*See generally* Am. Compl. – ECF No. 31.)[1] The court dismissed the plaintiff's original complaint (with leave to amend) under Rule 12(b). (ECF No. 30.) The plaintiff filed a timely amended complaint. (ECF No. 31.) The defendants have not yet responded.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER (No. 15-cv-03218-LB)

The defendants instead move to stay this case until the Airport Commission has completed a project that will revamp how commercial-transportation services use the airport. The Commission has already approved the issuance of a Request for Proposal ("RFP") for this project. The defendants argue that the system of which the plaintiff complains "will be replaced upon the conclusion of the RFP process." (ECF No. 38 at 6.) This, the defendants write, will moot this lawsuit, or at least change the issues in play. No one disputes that the planned RFP at least potentially encompasses the issues that grieve the plaintiff. The defendants suggest that the RFP process will be completed by the end of July 2016 — so that this case need be stayed only until then. The plaintiff is less sanguine. Pointing to the SFO's history with such RFPs, the plaintiff says that the process may drag on past July, and, given the politics and bureaucratic procedure involved, may never come to fruition; that is, may never yield a concrete change to the airport's commercial-transportation regime. The plaintiff thus argues against a stay and urges the court to let it proceed with this lawsuit. The parties have briefed the stay issue; the court heard the matter on March 10, 2016, and has weighed the parties' arguments.

The parties do not disagree on the basics of the governing law. Granting or denying a stay lies within a court's inherent discretion. *E.g., Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979). Established criteria guide that discretion: In deciding whether to stay a case, the court "must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. "Among these competing interests are the

> possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (*citing Landis*, 299 U.S. at 254-55). The plaintiff primarily contends, again, that the RFP process is "tenuous" and "speculative" and may not yield any change in the system that it challenges. In the plaintiff's view, that process cannot

ORDER (No. 15-cv-03218-LB)   2

rightly be invoked to delay this suit. The defendants counter — among other arguments — that past RFP processes, some dating back many years, are no guide to how the current one will play out. They add that the plaintiff has operated at the airport for 22 years, under the system that it now challenges, so that waiting until the current RFP process is complete would be a comparatively brief delay. Finally, the defendants also urge that the public fisc should not be drained in pursuing a case that may soon be mooted or markedly altered.

The court has considered these points. It concludes that moving ahead with this case — at least to a point — should not present the defendants with an undue burden. The amended complaint does not significantly change the allegations and claims that the court analyzed in granting the defendants' recent motion to dismiss. Any further motion to dismiss is therefore likely to tread much the same ground. The court recognizes that few legal-drafting projects are insignificant. Nevertheless, an answer or a new Rule 12(b) motion should be able to take advantage of much of the work that has already been done.

Taking all this into view, the court denies the motion to stay. The court orders the defendant to file responsive matter — either an answer, a new motion to dismiss, or both (*see* Fed. R. Civ. P. 12) — by March 28, 2016. That should permit better insight into this case's likely future trajectory. Following the next round of pleading or briefing, the court would entertain a new motion to stay — which may rely on the material already filed (*see* ECF Nos. 38-40, 41, 43-45, 48), to the extent that the parties are satisfied to proceed in that way.

**IT IS SO ORDERED.**

Dated: March 14, 2016

_____
LAUREL BEELER
United States Magistrate Judge