UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| A.J. CALIFORNIA MINI BUS, INC. D/B/A AIRPORT EXPRESS,<br><br>Plaintiff,<br><br>v.<br><br>AIRPORT COMMISSION OF THE CITY & COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 15-cv-03218-LB<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>[ECF No. 51] |

## INTRODUCTION

This case involves how rights and resources are allocated to shared-ride van services at the San Francisco International Airport (SFO). Plaintiff A.J. California Mini Bus, Inc. operates such a service under the trade name Airport Express. Airport Express claims (in sum) that the defendants — the San Francisco Airport Commission and John L. Martin, the Airport Director — unfairly favor its competitors. It contends that this favoritism violates the Fourteenth Amendment to the U.S. Constitution. (*See generally* Am. Compl. – ECF No. 31.)[1] The court dismissed the plaintiff's original complaint (with leave to amend) under Rule 12(b)(6). (ECF No. 30.) The plaintiff filed a timely amended complaint. (ECF No. 31.) The defendants now move to dismiss the amended

---

[1] Record citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER (No.15-cv-03218-LB)

1  complaint. (ECF No. 51.) For the reasons set forth below — indeed, for the same essential reasons
2  that informed its previous order — the court grants the defendants' motion and dismisses the
3  amended complaint with prejudice.

## STATEMENT

### 1. Procedural history

The court's previous order sets out the facts of this case in detail, describing the origin, attributes, and aims of the three-zone system that SFO uses to regulate how shared-ride van services work at the Airport. (ECF No. 30.) This discussion assumes familiarity with the previous order. The court incorporates that earlier decision by reference and attaches it as an appendix to this order.[2]

That order concluded that the challenged system at SFO survives rational-basis review. (The parties do not dispute that rational-basis review governs the economic regulation, and the regulatory distinction among the van-service companies, that this case involves. [*See* ECF Nos. 12 at 11, 14 at 13].) The court held that the "zone system . . . is rationally related to the legitimate government purpose[s] of controlling traffic (passenger and van) and allocating scarce curb space, both of which relate to SFO's mandate . . . to manage the airport to promote commerce and tourism by managing services for airport consumers, including by allocating limited airport resources." (ECF No. 30 at 16.) "[F]rom the face of the complaint," the court wrote, "there is a plausible policy reason for the zone system, the need for a system is evident, and the relationship of the system to the goals are not so attenuated as to render the system arbitrary or irrational." (*Id.* at 19) (citing *Kahawaiolaa v. Norton*, 386 F.3d 1271, 1280 (9th Cir. 2004)). Finally in this

---

[2] The court's earlier order twice cited a district-court opinion, *Teixeira v. Cty. of Alameda*, in support of the principle that to plausibly allege an equal-protection claim subject to rational-basis review, a plaintiff must allege sufficient facts to overcome the presumption of rationality that applies to government classifications. *See* (Order – ECF No. 30 at 19, 20) (citing *Teixeira*, No. 12-cv-03288-WHO, 2013 WL 4804756, at *9-10 (N.D. Cal. Sept. 9, 2013)). On appeal, the Ninth Circuit upheld the dismissal of the equal-protection claim but also reversed and remanded for the district court to reconsider the plaintiff's Second Amendment claim. No. 13-17132, slip op. at 10-11, 34 (9th Cir. May 16, 2016). This result does not affect the court's analysis in ECF No. 30.

summarizing vein, the court held that "the zone system has an obvious legitimate government purpose, and Airport Express has not plausibly alleged facts that overcome the presumption of rationality that applies to the system." (ECF No. 30 at 21) (citing *Wroblewski v. City of Washburn*, 965 F.2d 452, 460 (7th Cir. 1992)).

### 2. The amended complaint

The plaintiff's new allegations mainly charge that the three-zone system does not effectively achieve its posited ends. (*See* Am. Compl. – ECF No. 31 at 2-4, 10-11, 14, 16, 22-30 [¶¶ 3, 32, 44, 50, 70-96].) For example, according to the plaintiff, the three-zone system "[d]oes not mitigate" but "actually increases traffic congestion at SFO"; it "[d]oes not maximize curbside operational efficiency"; and it "[d]oes not promote passenger convenience or secure customers safe, courteous[,] and quality service." (*Id.* at 2-3 [¶ 3].) "As a general matter," the plaintiff writes:

> [F]or more than a decade, the Airport Commission and Airport Director . . . repeatedly have acknowledged and been informed that the current zone system at SFO is **broken, does not work and needs to be replaced**, thus giving [the] lie to any suggestion . . . that the . . . system . . . is rationally related to any legitimate government purpose.

(*Id.* at 23 [¶ 74]) (emphasis added). The plaintiff's new allegations primarily complain either of the three-zone system's adverse effects or its supposed functional ineffectiveness.

## ANALYSIS

The court dismisses the amended complaint for the same operative reasons that it dismissed the original complaint. The court's previous analysis applies without significant change to the new complaint. Insofar as the new complaint restates the previous allegations, of course, the court's earlier discussion applies in full. The court previously held (in sum) that there were conceivable, rational bases for the three-zone system. The amended complaint and its new allegations do not change that conclusion.

The plaintiff's new complaint, and the arguments defending it under Rule 12(b)(6), largely reduce to the idea that the three-zone system does not effectively achieve the goals that the Airport

has posited for it. But, even if that is true, that attack does not invalidate the system under rational-basis review. Indeed, when carrying out rational-basis review, under both equal protection and substantive due process, courts "must" not inquire into a law's practical effectiveness. *See, e.g., Heller v. Doe ex rel. Doe*, 509 U.S. 312, 319 (1993) ("We many times have said that . . . rational-basis review in equal protection analysis 'is not a license for courts to judge the wisdom, fairness, or logic of legislative choices.'") (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993)); *Sherwin-Williams Co. v. City & Cnty. of San Francisco*, 857 F. Supp. 1355, 1372 (N.D. Cal. 1994) ("In considering an ordinance's conformity with substantive due process, courts must refrain from examining its effectiveness."). Efficacy is a quintessentially legislative, regulatory concern. The rational-basis standard is different. The query here is not *Does it work?* but *Is there a conceivable, rational basis for it?* Courts are not appeal boards for laws that don't work well; in rational-basis review, courts ensure only that laws do not cross basic constitutional limits.

The Ninth Circuit's decision in *Merrifield v. Lockyer*, 547 F.3d 978 (9th Cir. 2008), does not require a different result. The appeals court there held that a California economic-licensing scheme violated equal protection (under rational-basis review) where it discriminated between two subsets of the pest-control industry. This case lacks two features that were decisive to the *Merrifield* court's equal-protection decision. First, the proffered rationale for the discrimination in *Merrifield* was self-"contradictory." *See Merrifield*, 547 F.3d at 990-91. The licensing authority had justified its pest-control certification requirements (these being the challenged regulations) by arguing that public health and safety required that those who worked with pesticides be adequately trained. *See id.* at 981-82, 986-87, 991. It required even pest-control workers who did *not* use pesticides to be certified and licensed — on the assumption that they might encounter pesticides or need to advise customers about them. *See id*. Yet, at the same time, the licensing requirement exempted an industry segment that *did* use pesticides, was among the "most likely to interact with pesticides," and so should have been licensed on the state's rationale. *Id.* at 991-92. The Ninth Circuit could thus write: "Needless to say, this type of singling out [of one industry segment], in connection with a rationale so weak that it undercuts the principle of non-contradiction, fails to meet the relatively easy standard of rational basis review." *Id.* at 991. The law in *Merrifield*, in other words, was

ORDER (No.15-cv-03218-LB)                4

almost facially irrational. *See id.* at 991-92. The same cannot be said here. Nothing about the ends that the Airport defendants have posited for SFO's three-zone system is inherently inconsistent.

Second, ungrounded as it was in a minimally defensible objective, the Ninth Circuit labeled the discrimination in *Merrifield* "mere economic protectionism for the sake of economic protectionism." *Id.* at 991 n. 15. (The Second Circuit has treated this as *Merrifield's* defining feature and, rejecting the Ninth Circuit's decision, has held that, "[E]conomic favoritism is rational for purposes of our review of state action under the Fourteenth Amendment." *Sensational Smiles, LLC v. Mullen*, 793 F.3d 281, 286 (2nd Cir. 2015).) In this district, Judge Chen has rejected a similar invocation of *Merrifield* and, in doing so, has offered language that is helpful here:

> Plaintiffs' reliance on *Merrifield v. Lockyer* is misplaced. There, the court found the state licensing scheme to be "economic protectionism for its own sake," only after rebuffing other conceivable bases. 547 F.3d at 986 (rejecting safety, public health, and consumer protection bases). Here, Plaintiffs have not negated the other conceivable bases. Moreover, the Court in *Merrifield* acknowledged in dicta that a statute might be protectionist and still survive rational basis review. *Id.* at n. 15 ("We do not disagree that there might be instances when economic protectionism might be related to a legitimate governmental interest and survive rational basis review.").

*Dairy v. Bornham*, No. 13-1518-EMC, 2013 WL 3829268, *7 (N.D. Cal. July 23, 2013).

The decision in *Merrifield* does not suggest that SFO's three-zone system is constitutionally infirm. Even if the plaintiff is correct, and the system does not effectively achieve the ends that the Airport defendants posit for it, still it is not self-contradictory and innately irrational. And, whatever its adverse effects, the allegations of the amended complaint do not show that the system reduces to mere economic "favoritism" and "protectionism for its own sake." For the reasons that the court gave at greater length in its earlier Rule 12(b)(6) order, the court again holds that SFO's three-zone system for shared-van ride services meets rational-basis review. That system offends neither equal protection nor substantive due process.

## CONCLUSION

The court grants the defendants' motion to dismiss under Rule 12(b)6). Because the plaintiff has had an opportunity to amend their complaint to address the rational-basis standard, because

1   there appear to be multiple legitimate ends for the three-zone system and it is "fairly debatable"
2   that the system is rationally related to those ends, and because it does not appear that the plaintiff
3   can allege different facts that would prove those ends irrational, the court dismisses the amended
4   complaint with prejudice. *See Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) ("A
5   district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has
6   previously amended."); *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d
7   242, 247 (9th Cir. 1990).

8   This disposes of ECF No. 51.

9   **IT IS SO ORDERED.**

10  Dated: May 20, 2016

_____
LAUREL BEELER
United States Magistrate Judge